## BRADDOCK BREWING CO. et al. v. PFAUDLER VACUUM FERMENTATION CO.

(Circuit Court of Appeals, Third Circuit. March 4, 1901.)

1. REPLEVIN—PLEA—SUFFICIENCY.

A plea in replevin "that said goods and chattels are the goods and chattels of the defendant, and not of the plaintiff, as alleged" is insufficient to raise the issue that they were annexed to and formed a part of defendant's land before the action was commenced, and hence were not subject to replevin.

2. CONDITIONAL SALE—RESERVATION OF TITLE—VALIDITY.

A reservation of title in a conditional sale of goods is valid as between the vendor and the vendee, and those succeeding to the rights of the latter, with knowledge of such reservation.

3. ERROR—PARTIES.

A receiver of an insolvent corporation cannot complain that a judgment rendered on an issue tendered by a plea filed by the corporation before he was admitted as a party defendant is erroneous, where he has wholly failed to plead to the declaration, and no error of record appears.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by the Pfaudler Vacuum Fermentation Company against the Braddock Brewing Company and another. From a judgment for plaintiff the defendants bring error. Affirmed.

Thomas Patterson, for plaintiffs in error.

C. C. Dickey, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. In this case a writ of error has been taken to reverse a judgment for the plaintiff in an action of replevin brought by the Pfaudler Vacuum Fermentation Company, the defendant in error, against the Braddock Brewing Company, one of the plaintiffs in error. The Pfaudler company, as party of the first part, and Phillip Julius Vischer, as party of the second part, entered February 10, 1897, into a certain contract under seal which, after reciting that the Pfaudler company was then the owner of certain patents for the processes known as the vacuum system of fermenting, ripening and aging malt liquors, and for certain steel casks used in that system, and was possessed of other inventions and apparatus in connection therewith, and that Vischer was desirous of obtaining the right to use the system, together with the casks, inventions and apparatus necessary to operate it, in his brewery in Braddock, Pennsylvania, provided, among other things, that the Pfaudler company should erect in his brewery a plant for operating the above mentioned system, including casks, vacuum pumps, cooling coil, gauges, regulators, piping and fittings, and should grant to Vischer a license to use the same and should extend such license to such additional casks as should be furnished by the Pfaudler company to Vischer and erected in the brewery of the latter, and that Vischer should pay to the Pfaudler company by way of consideration the sum of $15,000,

as follows: $4,000 at the time of the shipment of the casks, $5,500 when the plant was erected, and $5,500 in three promissory notes payable four months after the erection of such plant; the Pfaudler company agreeing to renew such notes twice. Paragraph 9 of the contract was as follows:

"9. It is mutually understood and agreed that the title to and ownership of all the property covered by this contract—including such additional casks as may be furnished under the provisions of this contract—are, and shall continue to be, in the party of the first part until the same shall be fully paid for to the party of the first part; and that the giving of the notes provided by said contract, or of other notes accepted in lieu thereof by the party of the first part shall not, nor shall any extension or renewals thereof, or of any part thereof, be considered as payment, but that the party of the first part shall continue to be the owner of said property until all of said notes, renewals or extensions shall be paid in full."

It was then provided that when such payment in full should be made Vischer should be the owner of the property, and the license granted to him should be perpetual; but that in case such payment should not be made as therein provided the license should forthwith cease and determine. Pursuant to the above mentioned contract the Pfaudler company placed and erected in Vischer's brewery the machinery, apparatus and property described in the writ of replevin. Subsequently the Braddock Brewing Company purchased from Vischer his brewery, including the plant so erected, with knowledge on its part of the contract between the Pfaudler company and Vischer; assuming as one of the conditions of the purchase the payment to the Pfaudler company of the unpaid balance of the debt due to it by Vischer under that contract. Such unpaid balance at the time of the issuing of the writ of replevin amounted to $5,600 exclusive of interest. The property and articles described in the writ were at the time of bringing the action in the possession of the Braddock company and were then and at the time of the rendition of judgment in the court below of the value of $6,000. The ownership of the property, by reason of the non-payment in full of the purchase money, not having passed from the Pfaudler company to Vischer or to the Braddock company, the former company brought the present action June 20, 1899, and filed its declaration in the usual form July 5, 1899, the latter company having given a property bond June 28, 1899. The Braddock company confined itself to only one plea to the declaration, as follows: "That the said goods and chattels were the goods and chattels of the defendant and not of the plaintiff as alleged." George W. Miller having been appointed receiver of the Braddock company June 28, 1899, was by leave of the court made a co-defendant with that company January 10, 1900. The receiver did not in any manner plead to the declaration. Pursuant to a stipulation between the parties the case was tried and determined without a jury, and the court rendered judgment for the plaintiff in the sum of $5,797.70. There are four assignments of error, general in their character, which need not separately be considered. Taken together they substantially aver that the court erred in finding and rendering judgment for the plaintiff instead of the defendant. The plaintiffs in error contend that the apparatus, machinery and property described in the writ

were annexed to and formed part of the land before the action was commenced and that, whatever may have been the intention or agreement of the Pfaudler company and Vischer, replevin was not a proper remedy and would not lie. If goods and chattels have without fraud or wrongdoing been so annexed to the freehold as, in the absence of any agreement to the contrary, to become part of it, it may be a serious question whether any prior understanding or intention that they should be treated as personalty can render appropriate a writ physically inapplicable to land. But it is unnecessary to decide this point. The pleadings do not raise it. The only plea, as before stated, is that of the Braddock company "that the said goods and chattels were the goods and chattels of the defendant, and not of the plaintiff as alleged." The plaintiffs in error are not at liberty, in contradiction of this plea, to claim that the property described in the writ is land, and not goods and chattels. It is further contended by the plaintiffs in error that the contract of February 10, 1897, in so far as it provided for the reservation of title in the Pfaudler company to the machinery, apparatus and property in question until the purchase money should be fully paid, was void as against the creditors of Vischer or of the Braddock company, and that so far as such creditors are concerned the transaction must be treated as an absolute sale and delivery to Vischer from whom the title passed to the Braddock company. It is undoubtedly true that in Pennsylvania the reservation in a conditional sale of goods and chattels of title or ownership in the vendor after delivery and until payment of the purchase money is void or voidable as against creditors; and it is equally well settled that the receiver of an insolvent corporation represents not only its stockholders but its creditors. But such reservation of title is good as between the vendor and the vendee or those succeeding to the rights of the latter with knowledge of such reservation. The Braddock company having purchased from Vischer his brewery, including the machinery, apparatus and property covered by the agreement of February 10, 1897, with knowledge of the reservation of ownership in the Pfaudler company, is not in a position to question the validity of such reservation. The receiver, while admitted as a co-defendant with the Braddock company, has wholly failed to plead to the declaration. The writ of error was taken to reverse the judgment rendered on the finding of the court below upon the issue joined. That issue was tendered, not by the receiver, but by the Braddock company, and was, as already stated, "that the said goods and chattels were the goods and chattels of the defendant, and not of the plaintiff as alleged." The receiver was not admitted as a party until after the plea had been filed. If he intended to question the validity of the reservation of title in the Pfaudler company, it was incumbent on him to interpose a proper plea. Not having done so, the plaintiffs in error necessarily fail in their contention. For the reasons above given the judgment of the court below is affirmed.